IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-529-FL

| | | |
|---|---|---|
| BEAR INVESTMENTS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| PENN NATIONAL MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion for partial judgment on the pleadings. (DE 56). The issues raised are ripe for ruling. For the following reasons, the motion is granted in part and denied in part as set forth herein.

### STATEMENT OF THE CASE

Plaintiff commenced this insurance dispute October 8, 2019, by complaint filed in the Superior Court of Cumberland County, North Carolina. Defendant removed to this court on the basis of diversity jurisdiction under 28 U.S.C. §§ 1441 and 1446 and answered the complaint December 20, 2019. By case management order entered January 23, 2020, the court directed that all discovery be commenced or served in time to be completed by January 4, 2021, however, that deadline later was continued to June 21, 2021. Shortly before the closure of discovery, the parties moved for and the court granted a stay of case activities pending the issuance of an appraisal award concerning the claim upon which this action is based. The parties informed the court by joint status report filed March 15, 2022, that the appraisal process had concluded and

stipulated between themselves a deadline of September 16, 2022, for plaintiff to file a motion to amend the complaint.

Plaintiff moved to amend its complaint at the deadline, and subsequently moved to amend its proposed amended complaint. Defendant moved to strike this subsequent motion by plaintiff. The court held a hearing on those motions January 27, 2023, and after argument from counsel it granted plaintiff's second motion to file an amended complaint, terminated plaintiff's original motion so to file as moot, and denied defendant's motion to strike. Plaintiff asserts in the operative amended complaint claims for common law breach of contract, fraud, bad faith, and violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 58-63-15 and 75-1.1 ("UDTPA"). Defendant moves in the instant motion for judgment on the pleadings on all claims except plaintiff's claim for breach of contract. After receiving a joint report from the parties under Federal Rule of Civil Procedure 26(f), the court entered a third amended case management order, under which discovery is set to close March 1, 2024.

Defendant filed the instant motion for partial judgment on the pleadings April 11, 2023. Plaintiff responded in opposition, and defendant replied.

## STATEMENT OF FACTS

The relevant facts alleged in the complaint[1] may be summarized as follows. Plaintiff acquired a commercial building which defendant insured at all times relevant to this suit ("the property"). (See compl. ¶¶ 2, 5, 7). On October 8, 2016, the building was damaged by Hurricane Matthew, and plaintiff filed a claim under its insurance policy shortly thereafter. (Id. ¶¶ 15, 17). Defendant initially denied the claim, (see id. ¶ 18), then, following an inspection and report by outside consultants, paid plaintiff $75,000.00 toward settlement of the claim without explanation.

---

[1] Throughout this order, references to the "complaint," (compl.) are to the amended complaint at DE 52.

(See id. ¶¶ 18, 20-21, 27).

Using this payment and its own resources, plaintiff repaired the property as best it could, however, the property "continued to deteriorate," (id. ¶ 30), until on September 14, 2018, Hurricane Florence made landfall. (Id. ¶ 35). "[W]ind and heavy rain" continued in the area until September 17, 2018, causing damage to the property that was worse than it would have been had defendant paid plaintiff's first claim in full. (Id. ¶¶ 36-37).

Plaintiff submitted a second claim for damages resulting from Hurricane Florence, and defendant hired a third-party investigator to inspect the property. (Id. ¶¶ 38-40). The investigator attributed the damage to "pre-existing damage, new damage related to the subject storm event, lack of maintenance, long term deterioration, and/or recent deterioration since the prior storm event" and recommended several repairs. (Id. ¶¶ 41-42). Defendant also retained an adjuster, who "estimated that the cost to repair the damage was $86,738.94." (Id. ¶ 44). Plaintiff also hired an adjuster, who estimated the cost of repair at $4,295,763.09. (Id. ¶ 47). Defendant rejected plaintiff's estimate on August 13, 2019. (Id. ¶ 48). On September 4, 2019, defendant represented that it was mailing "a payment of $85,738.95 'issued in good faith toward settlement of the loss.'" (Id. ¶ 49).

"Plaintiff made demand for an appraisal [under its policy] November 12, 2019." (Id. ¶ 51). Defendant allegedly "sought to stymie and quash the appraisal," including by "instructing its appraiser not to participate and demanding the appraisal cease," (id. ¶ 54), declining to investigate the accuracy of its appraiser's conclusions, (id. ¶ 57), refusing to adopt the estimate of plaintiff's appraiser, (id. ¶¶ 58, 60), and including a payment of $473,073.38 without explaining "how it came to [that amount], what calculations it used, or what portions of the damage to the . . . property it deemed was covered." (Id. ¶ 60). Evidence obtained during discovery assertedly shows that

3

defendant never intended to appraise the property in a fair manner. (Id. ¶¶ 62-87).

## COURT'S DISCUSSION

A.  Standard of Review

A motion for judgment on the pleadings is evaluated under "the same standard as a 12(b)(6) motion to dismiss." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 375 (4th Cir. 2012). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to ' state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). " Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).[2]

B.  Analysis

Defendant argues that plaintiff's newly added claims are time-barred. The court agrees, in part. In particular, for the following reasons, plaintiff's UDTPA claim with respect to Hurricane Florence and its fraud claim are timely; however, its UDTPA claim with respect to Hurricane Matthew and its bad faith claim are time-barred.

"A cause of action generally accrues when the right to institute and maintain a suit arises." Register v. White, 358 N.C. 691, 697 (2004). "Thus, a statutory limitations period on a cause of

---

[2]  Throughout this order, internal quotation marks and citations are omitted unless otherwise specified.

action necessarily cannot begin to run before a party acquires a right to maintain a lawsuit." Id. "Ordinarily, the bar of the statute of limitations is a mixed question of law and fact." Scott Poultry Co. v. Bryan Oil Co., 272 N.C. 16, 21 (1967). But where the relevant facts are not in dispute, "the question of limitations becomes a matter of law." Id.

    1.    UDTPA

North Carolina General Statutes §§ 75-1.1 and 58-63-15(11) proscribe certain "inherently unfair, unscrupulous, immoral, and injurious" practices in the settlement of insurance claims. Gray v. North Carolina Insurance Underwriting Association, 352 N.C. 61, 71 (2000). The statute of limitations for UDTPA claims is four years. See N.C.G.S. § 75-16.2.

Where a plaintiff asserting a UDTPA violation must show "that the defendant committed one of the enumerated unfair practices in the settlement of insurance claims," the statute of limitations accrues, at the earliest, when the insurer denies the claim. Elliott v. American States Insurance Co., 883 F.3d 384, 396 (4th Cir. 2018); see also Piles v. Allstate Insurance Co., 187 N.C. App. 399, 405 (2007) (holding that a UDTPA claim "premised at least in part on [insurer's] actions" in response to a claim for coverage accrued upon the insurer's denial of the claim for coverage); Marshburn v. Associated Indem, Corp., 84 N.C. App. 365, 370-376 (1987) (dismissing certain claims as time-barred where the suit had been initiated five years after the date of the loss, but resolving a UDTPA claim on the merits). An earlier accrual date, such as the date of the loss, may result paradoxically in a limitations period that expires "before it ever accrues." Register, 358 N.C. at 699.

Plaintiff alleges that defendant paid it $75,000.00 "in December 2016 toward the Hurricane Matthew claim." (Compl. ¶ 27). Plaintiff's cause of action under the UDTPA with respect to defendant's handling of its Hurricane Matthew claim, numbered 08917902, (see compl. ¶ 17), thus

5

accrued in December 2016 and expired in December 2020, well before plaintiff moved to amend its complaint. Plaintiff's UDTPA claim therefore is time-barred with respect to Hurricane Matthew.

By contrast, plaintiff also alleges that it filed a second claim after its property was damaged by Hurricane Florence, and that defendant paid $86,738.94 in September 2019 toward settlement of that claim, denying "the remainder of [that] claim." (See compl. ¶¶ 49-50). Plaintiff's cause of action under the UDTPA with respect to Hurricane Florence therefore accrued in September 2019 and expired September 2023. Where plaintiff moved to amend September 16, 2022, before the limitations period expired, it is not barred from bringing suit for violation of the UDTPA with respect to defendant's handling of its Hurricane Florence claim, numbered 08956180. (Compl. ¶ 39). Accordingly, defendant's motion is granted with respect to the Hurricane Matthew claim and denied with respect to the Hurricane Florence claim.

Defendant misconstrues Page v. Lexington Insurance Co., 177 N.C. App. 246, 430 (2006), on which it relies for its argument that plaintiff's claim under the UDTPA arose "upon the inception of the loss." (DE 57 at 6). Where suit was filed in that case within four years of the date of loss, the timeliness of the UDTPA claim was not raised, and the North Carolina Court of Appeals had no occasion in Page to decide when it accrued. See 177 N.C. App. at 430. Furthermore, where the UDTPA proscribes actions necessarily occurring months or years after the date of the loss, "logic and common sense require the conclusion that [plaintiff] cannot be required to have brought a claim of which it could not have reasonably known" at the time of defendant's preferred accrual date. Country Club of Johnston County, Inc. v. United States Fidelity & Guaranty Co., 150 N.C. 231, 239 (2009).

6

2. Fraud

The statute of limitations for fraud is three years, and the cause of action does not accrue "until the discovery by the aggrieved party of the facts constituting the fraud or mistake." N.C.G.S. § 1-52(9). "When plaintiff should . . . have discovered the fraud is a question of fact to be resolved by the jury." Feibus & Co., Inc. v. Godley Construction Co., Inc., 301 N.C. 294, 304-05 (1980); see also Hunter v. Guardian Life Insurance Co. of America, 162 N.C. App. 477, 485 (2004) (holding that this standard applied in the context of an insurance case without discussion of the date of the loss).

Plaintiff's fraud claim implicates only the appraisal process, for which plaintiff made demand "November 12, 2019." (Compl. ¶ 51). Plaintiff's claim therefore accrued, at the earliest, on November 12, 2019, and expired November 12, 2022. North Carolina provides plainly by statute that an action for fraud does not accrue until the facts giving rise to the fraud are discovered, and defendant has not provided any reason that the statute would not apply in this instance. Where plaintiff moved to amend the complaint before this deadline, its fraud claim is timely. Accordingly, defendant's motion is denied with respect to the fraud claim.

Defendant argues that subsection 1, not subsection 9, should apply to this case where plaintiff's claim concerns an "obligation or liability arising out of a contract" and that the date of the loss represents the accrual date. N.C.G.S. § 1-52(1). The cases on which defendant relies for the applicability of this provision, however, do not involve alleged fraud by an insurer. See Page, 177 N.C. App. at 247 (citing claims for breach of contract, breach of fiduciary duty, bad faith, unfair and deceptive trade practices, and waiver and estoppel); Lanier v. State Farm Fire & Casualty Co., No. 5:07-cv-129, 2009 WL 926914 at *2 (W.D.N.C. Mar. 31, 2009) (citing claims for breach of contract and bad faith denial or breach of the covenant of good faith and fair dealing

7

in a case in which both parties agreed to the relevant accrual date).  In the absence of caselaw applying the contract subsection to fraud claims, the court declines defendant's invitation to deviate from the plain terms of North Carolina's statutory scheme.

Defendant also argues in its reply brief that plaintiff's claim related to the appraisal process fails because plaintiff suffered no harm as a result of the assertedly improper appraisal process. "A party waives an argument by failing to present it in its opening brief." Grayson O Company v. Agadir International LLC, 856 F.3d 307, 316 (4th Cir. 2017).  Plaintiff has not had the opportunity to respond to this argument, and it would be imprudent for the court to reach a conclusion on this issue without hearing from all sides.

Accordingly, defendant's motion is denied in this part pertaining to plaintiff's fraud claim.

3.      Bad Faith

Generally, under North Carolina law, the three-year statute of limitations period for "a breach of contract claim accrues on the date of the breach." Skyline Restoration, Inc. v. Church Mutual Insurance Co., 20 F.4th 825, 830 (4th Cir. 2021).  However, in an action for breach of a contract "insuring real property," id. at 830, the same three-year limitations period accrues "on the date of the loss."  Id. at 831; see also Hancox v. State Farm Mutual Automobile Insurance Co., 642 F. Supp. 3d 514, 521 (E.D.N.C. 2022) (holding that a three year statute of limitations accruing on the date of the injury applied to a bad faith breach of contract claim).

Plaintiff alleges defendant "refused to pay plaintiff's valid claims . . . , acted in bad faith[,] . . . and exhibited aggravating and outrageous conduct in its dealings with plaintiff," including by engaging in conduct "with the wrongful purpose of wearing plaintiff down to agreeing to a settlement for less the amount plaintiff [asserts it] is entitled and thereby not paying the full amount."  (Id. ¶ 149).  The gravamen of plaintiff's bad faith claim thus concerns defendant's

8

Case 5:19-cv-00529-FL   Document 61   Filed 11/08/23   Page 8 of 11

liability on an insurance contract, and N.C. Gen. Stat. § 1-52(12) applies. Where plaintiff was insured against "direct physical loss of or damage to covered property," (DE 52-2 at 38), the three year limitations period on plaintiff's bad faith claim began to run on the date of the "inception of the loss," Skyline Restoration, 20 F. 4th at 830, "when hurricane-force winds damaged [plaintiff's] real property." Id. at 831. This occurred between September 14 and 17, 2018. (Compl. ¶ 35-36). Plaintiff's cause of action for bad faith therefore expired on September 17, 2021, about a year before it filed its motion to amend the complaint. Accordingly, plaintiff's bad faith claim is time-barred.

Plaintiff argues that defendant is legally estopped from asserting a statute of limitations defense in this case where the appraisal process was a condition precedent to filing suit. The policy, however, sets forth the procedure for an appraisal without mention of plaintiff's ability to file suit before such the process has begun. (See DE 52-2 at 63). As the policy states,

> **D. The Appraisal Loss Condition is replaced by the following:**
>
> **Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. You and we must notify the other of the appraiser selected within 20 days of the written demand for appraisal. The two appraisers will select an umpire. If the appraisers do not agree on the selection of an umpire within 15 days, they must request selection of an umpire by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be the appraised value of the property or amount of loss. If you make a written demand for an appraisal of the loss, each party will:
>
> a. Pay its chosen appraiser; and
> b. Bear the other expenses of the appraisal and umpire equally.

(Id.). The portion of the policy dealing with appraisal therefore did not estop defendant from

9

asserting a statute of limitations defense.

Plaintiff argues in addition that defendant is equitably barred from asserting the statute of limitations where it induced plaintiff to believe that it was conducting the appraisal process in good faith and where the court stayed this action pending the outcome of the appraisal process. Defendant's actions during the appraisal process are the basis of plaintiff's claims for fraud and under the UDTPA, but they do not affect its bad faith claim, which as the court explains above sounds in contract. The court's order staying the case, entered June 16, 2021, altered the deadlines set forth in the court's January 23, 2020, case management order, which was modified May 18, 2020, and September 24, 2020, but made no mention of any tolling of the statute of limitations. (See DE 24). Defendant therefore is not equitably estopped from asserting the statute of limitations as a defense to plaintiff's bad faith claim.

Finally, the continuing wrong doctrine does not render timely plaintiff's bad faith claim. The continuing wrong doctrine is "an exception to the general rule" under which a statute of limitations does not begin to run until the violative act ceases." Williams v. Blue Cross Blue Shield of North Carolina, 357 N.C. 170, 179 (2003). "A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation." Id. That is not the case here, where plaintiff asserts that defendant "exhibited bad faith in refusing to pay the entire claims, including . . . by engaging in . . . conduct with the wrongful purpose of wearing plaintiff down." (Compl. ¶ 149). The conduct plaintiff cites all stems from defendant's refusal to pay plaintiff's claim, and the date of such refusal is the appropriate accrual date in this instance.

In sum, that part of defendant's motion pertaining to plaintiff's bad faith claim is granted and said claim is dismissed as time barred.

## CONCLUSION

Based on the foregoing, defendant's motion for judgment on the pleadings (DE 56) is GRANTED IN PART and DENIED IN PART. Plaintiff's UDTPA claim for defendant's handling of its Hurricane Florence claim and its fraud claim may proceed. Plaintiff's UDTPA claim with respect to defendant's handling of its Hurricane Matthew claim and its bad faith claim both are dismissed. The deadlines in the court's third amended case management order entered March 2, 2023, remain unaltered.

SO ORDERED, this the 8th day of November, 2023.

LOUISE W. FLANAGAN
United States District Judge